IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA,          *
                                   *
        Plaintiff,                 *
                                   *
        v.                         *
                                   *        CV 121-109
$68,610.00 IN U.S. CURRENCY,       *
et al.,                            *
                                   *
        Defendants.                *
                                   *

_____

O R D E R

_____

Presently before the Court is the Government's Motion for
Default Judgment and Decree of Forfeiture and Order for Delivery.
(Doc. 9.)  For the following reasons, this motion is **GRANTED**.


## I. BACKGROUND

On July 14, 2021, the Government filed a Verified Complaint
for forfeiture in rem against $68,610.00 in U.S. Currency
("Defendant Currency"), a Smith & Wesson SW9VE 9mm Pistol with
Magazine and Ammunition, and a Smith & Wesson M&P 9 Shield 9mm
Pistol with Magazine and Ammunition ("Defendant Firearms and
Ammunition") (collectively, the "Defendant Property").  (See Doc.
1.)  The Verified Complaint alleges that the "Defendant Currency
constitutes or was derived from proceeds furnished or intended to
be furnished by any person in exchange for a controlled substance,

proceeds traceable to an exchange of a controlled substance, or from money used, or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq.* Therefore, the Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6)." (Id. at 5.) The Verified Complaint also alleges "[t]he Defendant Firearms and Ammunition are forfeitable pursuant to 18 U.S.C. § 924(d), as they were possessed in violation of 18 U.S.C. § 922(g)(3), which makes it unlawful for any person who is an unlawful user of any controlled substance to possess a firearm . . . or ammunition in or affecting interstate commerce." (Id.)

On July 19, 2021, the Government served the Verified Complaint for forfeiture in rem to the only known potential claimants via U.S. certified mail to Kalamithy Latoya Rhaney's last known residence and to Chadric Antonio Rhaney's attorney, Ester Panitch, at her law office. (Doc. 6, at 1-2.) On April 11, 2022, Chadric Antonio Rhaney signed a plea agreement and agreed to forfeit his interest in the Defendant Property, which was forfeited by means of his criminal judgment on August 12, 2022. (Id. at 2.) Additionally, the Government published the notice of forfeiture on its official website (www.forfeiture.gov) for thirty consecutive days beginning on July 20, 2021. (See Doc. 3.) To date, no person has filed an answer to the Verified Complaint or a claim to the Defendant Property in this action.

On January 4, 2023, the Government moved the Clerk of Court to enter default and supported its motion with an affidavit.

2

(Docs. 7, 7-1.)   On January 4, 2023, the Clerk entered default. (Doc. 8.)   The Government now moves the Court to enter a default judgment and final order for delivery against the Defendant Currency[1] and any potential claimants.   (Doc. 9.)

## II. DISCUSSION

"Obtaining a default judgment is a two-step process: first, the plaintiff must seek an entry of default from the clerk of court; and second, after the clerk has made an entry of default, the plaintiff can seek a default judgment."   United States v. $11,000.00 in U.S. Funds, No. 5:08-CV-102, 2009 WL 198013, at *2 (M.D. Ga. Jan. 27, 2009) (citing FED. R. CIV. P. 55).   "An entry of default and subsequent entry of default judgment are appropriate '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.'"   Id. (quoting FED. R. CIV. P. 55(a)) (alteration in original).

Where — as here — the Government brings a civil forfeiture action in rem which arises from a federal statute, it must comply with Supplemental Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.   See FED. R. CIV. P., SUPP. R. G(1) ("This Rule governs a forfeiture action in rem

---

[1] The Government represents in its motion, and the Court acknowledges, that the other property identified in the Verified Compliant has been forfeited administratively and is not being pursued through judicial forfeiture.   (Doc. 9, at 1, n.2.)

arising from a federal statute."); see also, e.g., $11,000.00 in U.S. Funds, 2009 WL 198013, at *2.

Based upon the facts currently before the Court, the Government appears to have fully complied with Supplemental Rule G. First, the Verified Complaint was proper under Supplemental Rule G(2) because it was (a) verified; (b) stated the grounds for subject-matter jurisdiction[2] and venue; (c) described the property with reasonable particularity; (d) stated the location of the property when it was seized; (e) identified the federal statute under which the forfeiture action was brought; and (f) stated sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial.[3] (See Doc. 1.)

---

[2] The grounds for subject matter jurisdiction are 28 U.S.C. § 1345 (providing that district courts shall have original jurisdiction of all civil proceedings commenced by the United States) and 28 U.S.C. § 1355(a)-(b) (providing that district courts shall have original jurisdiction of forfeiture proceedings arising under federal law and that the forfeiture proceeding may be brought in the district where any of the acts or omissions giving rise to the forfeiture occurred). Here, the Defendant Property was involved in criminal activity that occurred within the Southern District of Georgia. (Doc. 1, at 2.)

[3] The factual allegations in the Verified Complaint, now admitted by default, are sufficient to establish that the Defendant Currency is subject to forfeiture. (See Doc. 1.) Specifically, "the United States Drug Enforcement Administration ("DEA") received a lead regarding an Atlanta, Georgia based cocaine and marijuana source of supply [] distributing cocaine and marijuana from Atlanta, Georgia to the Augusta-Richmond County and Waynesboro-Burke County, Georgia area." (Id. at 2-3.) The DEA received information that between August 2017 to September 2018, "Chadric Rhaney was involved in illicit drug transactions from Los Angeles, California to Atlanta, Georgia." (Id. at 3.) "[T]he DEA learned that between August of 2017 through September of 2018, Rhaney coordinated the transport of approximately 23 kilograms of cocaine and 3 to 4 pounds of methamphetamine throughout Georgia, including Augusta, Georgia which is within the jurisdiction of the Southern District of Georgia." (Id.) On October 16, 2019, Sequoyah County (Oklahoma) Sheriff's Office Deputy Steven Jenkins conducted a traffic stop of Rhaney's vehicle, and during the stop, an odor of marijuana was emitting from the vehicle. (Id.) Rhaney told Deputy

4

Second, the Government complied with Supplemental Rule G(4)'s notice requirements.  The Government sent a notice of forfeiture and a copy of the Verified Complaint to potential claimants Kalamithy Latoya Rhaney and Chadric Antonio Rhaney.  See FED. R. CIV. P., SUPP. R. G(4)(b)(i),(iii) ("The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant" and "[t]he notice must be sent by means reasonably calculated to reach the potential claimant.").   The Government also published the notice of forfeiture on its official website for thirty consecutive days, which satisfied the publication requirement under Rule G(4)(a)(i) and (a)(iv)(C).

Supplemental Rule G(5) provides that "[a] person who asserts an interest in the defendant property may contest the forfeiture

---

Jenkins he was traveling to Arizona to purchase a trailer for his business and when questioned about the trailer, he appeared to become nervous.  (Id.)  Deputy Jenkins asked Rhaney about the marijuana odor, and Rhaney told him "he had smoked marijuana in the vehicle and there was marijuana in the center console."  (Id. at 3-4.)  Deputy Jenkins searched the vehicle and located 3.5 grams of marijuana and a plastic bag with $26,000 U.S. currency.  (Id. at 4.)  Rhaney was given back his money and was released. (Id.) On May 4, 2020, "law enforcement conducted a traffic stop of Joseph Ellison Jr. for speeding[, and] [a]ccording to the officer involved, the odor of marijuana emanated from the vehicle."  (Id.)  "Ellison Jr. admitted to smoking marijuana and consented to a search of the vehicle."  (Id.)  "During the search, approximately 48.2 grams of marijuana was located and seized."  (Id.)  Ellison Jr. advised the officer that he resides in Waynesboro, Georgia, and recently traveled to Atlanta to pick up shoes from his "homeboys," and while there, he and his passenger smoked marijuana and received the marijuana that was in the vehicle from his "homeboy."  (Id.)  The DEA believes Ellison Jr.'s "homeboy" is Rhaney, and the marijuana came from Rhaney.  (Id.)  A warrant was executed on June 12, 2020, "at which time the DEA seized the Defendant Property, along with approximately 49.5 grams of crack/powder cocaine, and approximately 130 grams of marijuana" from 1802 Hannah Place, Powder Springs, Georgia, 30127. (Id. at 2, 5.)   "The Defendant Currency was located throughout the home[.]"  (Id. at 5.)

by filing a claim in the court where the action is pending" within thirty-five days from the date direct notice is sent or, if direct notice was not sent to the claimant, within sixty days after the first date of publication on the Government's official website. See FED. R. CIV. P., SUPP. R. G(5)(a)(i),(ii).  Once a claimant has filed a claim to the seized property, the claimant must also serve and file an answer to the forfeiture complaint within twenty-one days after filing the claim.  See FED. R. CIV. P., SUPP. R. G(5)(b).

Here, neither a claim nor an answer has been filed, and the time for filing has expired.  The failure to plead or otherwise defend the action warrants the entry of a default judgment against all potential claimants to the Defendant Currency pursuant to Federal Rule of Civil Procedure 55.

### III. CONCLUSION

For the reasons stated above, the Government's Motion for Default Judgment and Decree of Forfeiture and Order for Delivery (Doc. 9) is hereby **GRANTED**.  All rights, title, and interest in the Defendant Currency is hereby forfeited to and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.  The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff, **TERMINATE** all deadlines and motions, and **CLOSE** this case.

6

ORDER ENTERED at Augusta, Georgia, this 21st day of February,
2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA